FILED
October 12, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003829646

ANTHONY ASEBEDO (State Bar No. 155105)
**MEEGAN, HANSCHU & KASSENBROCK**
Attorneys at Law
11341 Gold Express Drive, Suite 110
Gold River, CA 95670
Telephone: (916) 925-1800
Facsimile: (916) 925-1265

Proposed Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

[Sacramento Division]

In re:

KENNETH L. KNIGHTEN,

Debtor.

Case No. 11-38954-B-11
Docket Control No. MHK-3

Date: November 9, 2011
Time: 9:32 a.m.
Dept.: B (Courtroom 32)
Hon. Thomas C. Holman

### DEBTOR'S MOTION FOR AUTHORITY TO SELL HOUSEBOAT AND TO PAY UNDISPUTED CLAIM OF REDDING COMMERCE BANK, SALE COSTS, AND BROKER'S COMMISSION

Kenneth L. Knighten, as debtor in possession (the "Debtor"), hereby requests an order authorizing the Debtor pursuant to 11 U.S.C. § 363(b) to sell the estate's 1989 Leisure Craft Houseboat (the "Houseboat") for the cash price of $83,000, to Bruce and Sandy Haskins (the "Buyers"); and from sale proceeds to pay the undisputed claim of Redding Bank of Commerce ("the Bank"), which is secured by the Houseboat, moorage fees and other costs associated with the sale, and the commission due to the estate's broker for the sale. In support of this motion, the Debtor respectfully represents as follows:

### I. BACKGROUND

On August 2, 2011 (the "Petition Date"), the Debtor filed a voluntary chapter 11 petition. The Debtor continues in possession of his property and to manage of his business and financial affairs. The Debtor is in the business of real estate development.

On the B-schedule filed in this chapter 11 case, the Debtor scheduled the Houseboat with a value of approximately $90,000.00. The Houseboat is moored in Shasta Lake, at the Silverthorn Marina. Historically, the Debtor has used the Houseboat primarily for recreational purposes. See Declaration of Kenneth L. Knighten, submitted herewith.

The Debtor, through his broker, Shasta Lake Houseboat Sales, Inc. ("SLHS"), has obtained a written agreement to sell the Houseboat to the Buyers, for the cash price of $83,000.00. A true and correct copy of the Offer to Purchase and Receipt of Deposit dated September 29, 2011 (the "Contract"), which memorializes terms for such sale, is submitted herewith as Exhibit 1 to the Declaration of Robert Pas ("Pas Declaration"), submitted herewith. The Buyers have no prior business or other relationship with the Debtor. See Knighten Declaration.

The Debtor requests that the court authorize sale of the Houseboat under 11 U.S.C. § 363(b), with all known liens to be paid from the sale proceeds as described below.

## II. TERMS OF PROPOSED SALE
## AND LIENS, CHARGES TO BE PAID FROM SALE PROCEEDS

Under the Contract, the Buyers have paid a $1,000.00 cash down payment for purchase of the Houseboat. They are to pay the $82,000 balance of the purchase price in cash at closing, which was initially anticipated to occur no later than October 19, 2011. The Buyers, however, have agreed to postpone the close of the sale until promptly after the date set for hearing on this motion. See Pas Declaration.

SLHS has brokered the transaction for sale of the Houseboat to the Buyers.[1] Under the agreed terms for sale, a sales commission of 6% of the gross sale price, or $4,980.00, is payable from the gross sale proceeds to SLHS. See Pas Declaration.

---

1. By way of a motion filed contemporaneously with this motion, the Debtor has requested that the court authorize the employment of SLHS as the estate's broker for sale of the Houseboat.

The Buyers are to pay sales tax and those license fees and permitting fees necessary to establish their ownership and moorage for the Houseboat at Silverthorn Marina. As a condition to close of the sale, however, the Debtor must transfer moorage rights to the Houseboat at its current location at Silverthorn Marina. Property taxes for the current year are to be pro-rated between the Buyers and the Debtor. See Exhibit 1 to the Pas Declaration.

Redding Bank of Commerce (the "Bank") holds a first-priority, purchase-money security interest in the Houseboat. The Debtor is informed that the Bank asserts that the Debtor owed the Bank the sum of $75,433.33 as of the Petition Date, and that interest has accrued thereafter at the rate of $13.54 per day. See id. The Debtor anticipates that the Bank will agree that should the proposed sale be approved by this court and close within a reasonable time thereafter, that the sum of $5,000 otherwise payable to the Bank on account of its secured claim shall be paid for the benefit of unsecured creditors of the Debtor's bankruptcy estate. In addition, the Debtor is informed that the Bank will agree to waive its claim against the Debtor's bankruptcy estate for any deficiency that may remain after payment of the net sale proceeds to the Bank. See Knighten Declaration.

As of the Petition Date, personal property taxes were owed in regard to the Houseboat (the "Property Taxes"), and such taxes are secured by the Houseboat and are payable to the County of Shasta (the "County"). The Debtor is informed that the total amount of the Property Taxes, along with the related permit, will be approximately $714.00 as of the anticipated close of escrow. As noted above, under the Contract, the Buyers are to pay their share of property taxes for the current year on a pro-rata basis. See Knighten Declaration.

As of the Petition Date, the Debtor had an obligation to Silverthorn Marina for moorage charges. The Debtor scheduled such charges as an unsecured debt in the amount of approximately $295.00. Moorage charges due as of the sale must be paid in full, in order to convey the Houseboat to the Buyers with moorage at the current

location at Silverthorn Marina. See Pas Declaration. Based on information obtained from Silverthorn Marina, the Debtor estimates that the amount of moorage fees owed by the Debtor will total approximately $1,200.00 as of the anticipated close of escrow.

### III. RELIEF REQUESTED BY THE DEBTOR

As noted above, the Debtor seeks authority sell the Houseboat to the Buyers for the cash price of $83,000.00. The Debtor also seeks authority to pay directly from sale proceeds, the following amounts to the following claimants:

1. Property Taxes and permit fee owed to the County, in the estimated amount of $714.00;

2. Moorage charges owed to Silverthorn Marina, in the estimated amount of $1,200.00;

3. Sales commission owed to SLHS, as the estate's broker for the transaction, in the amount of $4,980.00; and

4. Net sale proceeds to the Bank, except that the sum of $5,000.00 shall be retained by the Debtor and promptly deposited into a segregated interest-bearing bank account for the benefit of unsecured creditors of the Debtor's estate, where it shall remain until further order of this court.

As noted above, the Buyers have agreed to delay the purchase of the Houseboat until the court can hear this motion. The Debtor believes that the Buyers do not wish to delay their purchase any longer, and therefore he also requests that the court provide that the order granting this motion, if forthcoming, provide that the fourteen-day stay of Federal Rule of Bankruptcy Procedure 6004(h) be made inapplicable to such order. The Debtor asserts that good cause exists for such relief under the circumstances of this case, in that such a provision will permit the Debtor to promptly close the sale, disburse the sale proceeds to the Bank and other claimants as agreed, and collect the $5,000.00 for the benefit of unsecured creditors, all without undue delay.

/ / /

/ / /

aa:\mhk-3 sale mot

## IV. CONCLUSION

For the reason set forth above, the Debtor respectfully requests an order be entered as follows:

1. Authorizing the sale of the Houseboat pursuant to 11 U.S.C. § 363(b) as set forth herein;

2. Authorizing the Debtor to disburse the sale proceeds as described herein;

3. Providing that the fourteen-day stay of Federal Rule of Bankruptcy Procedure 6004(h) shall not apply to the order granting this motion; and

4. Providing for such other relief as the court deems proper.

Respectfully submitted,

Dated: 10.11.2011    MEEGAN, HANSCHU & KASSENBROCK

By: _____
Anthony Asebedo
Attorneys for the Debtor